966 F.2d 1454
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jon R. HANSON, Defendant-Appellant.
 No. 91-2419.
 United States Court of Appeals, Sixth Circuit.
 July 2, 1992.
 
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, Jon Robert Hanson, appeals the one-year prison sentence imposed by the district court. According to Hanson, the trial judge erroneously thought himself precluded by the Sentencing Guidelines from granting a downward departure in light of unique family considerations. Hanson urged the trial court to depart from the suggested twelve-to-eighteen-month guideline range because a "budding relationship" with his birth mother might be undermined by his imprisonment.
 
 
 2
 A district court may depart from the Sentencing Guidelines if it "finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into account by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b).
 
 
 3
 In United States v. Brewer, 899 F.2d 503 (6th Cir.), cert. denied, 111 S.Ct. 127 (1990), this court noted that because family ties were taken into consideration in the formulation of the Sentencing Guidelines, they are not ordinarily relevant in determining if a sentence should be outside the Guidelines. Accordingly, defendant's burden was to convince the district court that his circumstances were so rare and exceptional that the court would be warranted in concluding that they were outside the scope of the Sentencing Commission's consideration of family ties. The district judge fully comprehended his role, and declined to accept defendant's characterization of his situation.
 
 
 4
 In his brief, defendant described his "budding relationship" with his mother as follows: "He has not met her yet. He has been in contact with her through letters and a telephone call." Defendant does not contend that he will be prohibited from writing additional letters to his mother during his brief incarceration. Nor did he point to any responsibilities on his part, such as his being the sole source of support for his mother. Consequently, defendant failed to establish that his ties to his mother were as strong as those already contemplated by the Guidelines.
 
 
 5
 Because defendant failed to present the exceptional circumstances that would justify a downward departure, the district judge's refusal to depart was warranted. The family tie cited by defendant was not of a nature that its interruption by the short sentence meted out by the court would create a hardship substantially in excess of that taken into consideration by the Sentencing Guidelines. Accordingly, the sentence imposed by the district court is affirmed.